NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARLON ANTONIO RAMOS, | No. 20-70594 |
| Petitioner, | Agency No. A095-074-538 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 5, 2021**
Pasadena, California

Before: KLEINFELD, WARDLAW, and GOULD, Circuit Judges.

Marlon Antonio Ramos ("Ramos") petitions for review of the Board of

Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's

("IJ") denial of his applications for withholding of removal and CAT protection.

Because the parties are familiar with the facts and procedural history of the case, we

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

do not recite them here.  We dismiss in part and deny in part the petition.

First, because Ramos was convicted of violating 21 U.S.C. § 846, Ramos's conviction is an aggravated felony drug trafficking crime.  *Moncrieffe v. Holder*, 569 U.S. 184, 188 (2013) (a conviction under the Controlled Substances Act that is punishable by more than one year imprisonment is an aggravated felony for immigration purposes).  We therefore have jurisdiction to consider only questions of law and constitutional claims.  8 U.S.C. § 1252(a)(2)(D); *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020).  We lack jurisdiction to review the agency's particularly serious crime determination, because Ramos was convicted of an aggravated felony drug trafficking offense, and he does not raise a colorable legal or constitutional claim.  For this reason, we dismiss the petition for review with respect to statutory withholding of removal for lack of jurisdiction.

Second, we have jurisdiction to review Ramos's petition as to CAT withholding.  However, the BIA properly exercised its discretion in concluding that Ramos did not rebut the presumption that his conviction for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, was a particularly serious crime, precluding withholding relief.  We can review the determination that Ramos was convicted of a particularly serious crime barring him from withholding of removal pursuant to CAT, because the agency's denial of CAT protection is not a part of Ramos's final order of removal.  *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1694 (2020).  When

2

reviewing the agency's denial of withholding of removal under the CAT, we have jurisdiction to review the agency's discretionary determination that Ramos did not rebut the presumption that his aggravated felony drug offense was a particularly serious crime. *See id.*; *Matter of Y-L-*, 23 I. & N. Dec. 270, 276–77 (A.G. 2002).

In *Matter of Y-L-*, the Attorney General decided that the presumption could only be rebutted if the applicant met six required factors. 23 I. & N. Dec. at 276–77. The agency reasonably concluded four of the factors weigh against finding that Ramos rebutted the presumption that his drug trafficking conviction was particularly serious. But *Matter of Y-L-* requires Ramos to show these four factors to rebut the presumption, and he has to show the agency abused its discretion regarding each factor. *Id.* He has not done so, and so we deny the petition for review as to Ramos's application for withholding of removal under CAT.

Third, substantial evidence supports the BIA's determination that Ramos did not establish a clear probability of torture by or with the acquiescence or willful blindness of a government official. Although Ramos was convicted of an aggravated felony and a particularly serious crime, he remains eligible for deferral of removal under CAT. 8 C.F.R. § 1208.17(a). But Ramos has not shown that the record compels the conclusion he will likely be tortured based on his father's military service more than thirty years ago, his conviction and tattoo, his religion, or through the instigation of his co-conspirators.

3

**DISMISSED IN PART AND DENIED IN PART.**